Scott v. Special Commitment Center
Doc. 3
Case 3:06-cv-05359-RBL   Document 3   Filed 06/26/2006   Page 1 of 2
Case 3:05-mc-05029-RSL   Document 70   Filed 06/26/2006   Page 1 of 2

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| _____ )<br>RICHARD ROY SCOTT,                               )<br>                                                         )<br>                              Plaintiff,              )<br>           v.                                            )<br>                                                         )<br>SPECIAL COMMITMENT CENTER,   )<br>                                                         )<br>                              Defendant.          )<br>_____ ) | No. MC05-5029<br><br>ORDER PERMITTING CASE TO PROCEED |

This matter comes before the Court *sua sponte*. On April 5, 2005, the United States District Court judges who sit in Tacoma entered an order dismissing a number of plaintiff's causes of action and barring future litigation unless plaintiff provides a signed affidavit, along with the proposed complaint, "verifying under penalty of perjury that none of the issues raised in the proposed complaint have been litigated in the past by the plaintiff." On April 25, 2006, the Clerk of Court received a proposed complaint, a motion to proceed *in forma pauperis*, a written consent for payment of costs, a praecipe for service, and a declaration signed by Mr. Scott. Dkt. # 61 and 62. As directed in the bar order, the Clerk forwarded the documents to the undersigned for review.[1]

_____

[1] Plaintiff filed a notice of change of address dated May 10, 2006, in which he requested a forty-five day stay of all of his cases because he had been moved to the King County Jail and apparently lacked the resources necessary to pursue this litigation. The undersigned has therefore postponed consideration of the matters pending in MC05-5029.

ORDER

Plaintiff's proposed complaint alleges deprivations of liberty and property without due process of law arising out of the "Treatment Plan Addi_____" (illegible) and "Behavior Management Report" systems used at the Special Commitment Center. In particular, plaintiff seeks a declaration that defendant's disciplinary policies, which allow the deprivation of liberty and/or property without hearing, without appeal, and without the detainee's effective participation, violate the Due Process Clause.

Plaintiff has submitted an affidavit asserting that none of the claims for declaratory relief asserted in the proposed complaint have been litigated before. The undersigned finds that the issues raised in the April 25, 2006, proposed complaint (Dkt. # 61) have not been finally resolved and may proceed subject to the other requirements imposed by the "Order Adopting Report and Recommendation," dated April 5, 2005. The Clerk of Court shall docket this order in MC05-5029 and open a new cause of action containing all documents related to plaintiff's April 25, 2006, submission.

DATED this 26th day of June, 2006.

*/s/ Robert S. Lasnik*
Robert S. Lasnik,
Chief Judge, United States District Court

ORDER                    -2-