UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RICHARD ROY SCOTT,

    Plaintiff,

  v.

SPECIAL COMMITMENT CENTER,

    Defendant.

Case No.  C06-5359RBL

ORDER GRANTING PLAINTIFF'S *IN FORMA PAUPERIS*, APPLICATION, ORDERING ENTRY OF THE CASE MANAGEMENT ORDER, AND DIRECTING PLAINTIFF TO AMEND THE COMPLAINT

    The Court, has reviewed plaintiff's application to proceed *in forma pauperis*.  (Dkt. # 1).  Plaintiff avers he is unemployed, but he also states he received $50 per month as director of a non profit organization.  (Dkt. # 1).  Plaintiff states the organization "ran out of funds."  (Dkt. # 1).  Plaintiff's application to proceed *in forma pauperis* is **GRANTED.**

    Plaintiff litigates under close judicial scrutiny as a result of past abusive practices.  The District Court Judges of this district have adopted a case management order and a sanction order relating to the

ORDER
Page - 1

1  plaintiff. The orders can be found in Scott v Denny, 04- CV- 5574RBL. The case management order is
2  Dkt. # 30 and the sanctions order is Dkt. # 76. The case management order directs the Magistrate Judge
3  to enter a copy of the order in this case and the clerk of court is directed to **enter a copy of the case**
4  **management order**.

5  Now that plaintiff has been granted *in forma pauperis* status, the court considers the proposed
6  complaint. The only named defendant in this action is the Special Commitment Center. In order to state a
7  claim under 42 U.S.C. § 1983, a complaint must allege that the conduct complained of was committed by a
8  **person** acting under color of state law and that the conduct deprived a person of a right, privilege, or
9  immunity secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535
10 (1981), *overruled on other grounds*, Daniels v. Williams, 474 U.S. 327 (1986).(emphasis added). Section
11 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present.
12 Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985), cert. denied, 478 U.S. 1020 (1986).

13 The Special Commitment Center is not a person. *See,* Will v. Michigan Department of State
14 Police, 491 U.S. 58 (1989). Plaintiff will need to amend the complaint to name a proper party defendant
15 prior to service.

16 That is not the only defect in the complaint. Throughout the proposed complaint plaintiff speaks in
17 the abstract and in the third person. The plaintiff seeks declaratory relief regarding a wide number of
18 policies at the Special Commitment Center. But he provides no facts to show the issues are relevant to
19 him. By way of example he alleges "[a]s a sanction for a BMR a detainee pesson [sic] property can be
20 taken without a warrant on any hearing prior to the taking of their pessonal [sic] property." (Dkt. # 1
21 proposed complaint ¶ 14).

22 Nowhere in the entire complaint does plaintiff allege facts specific to him. Of course, plaintiff
23 cannot litigate on behalf of others and to seek any form of injunctive relief he must have standing. Lujan v.
24 National Wildlife Federation, 497 U.S. 871 (1990). The complaint is deficient and contains only
25 conclusory statements. Plaintiff is ordered to file an amended complaint naming a person as defendant and
26 limiting the facts to issues he has standing to litigate. Plaintiff needs to set forth operative facts relevant to
27 him.

28 The amended complaint will act as a complete substitute for the original and must be filed on or

ORDER
Page - 2

before **AUGUST 18th, 2006.** The clerks' office is directed to calendar that date on the court's calendar and sen plaintiff a copy of this order. Failure to comply with this order will result in a Report and Recommendation to dismiss this action.

      DATED this 17th, day of July, 2006.

                                        */S/ J. Kelley Arnold*
                                        J. Kelley Arnold
                                        United States Magistrate Judge